```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**FRED LAWTON**                          :         **CIVIL ACTION**
                                         :
    **v.**            :
                                         :
**OFFICER JOSEPH O'NEILL, et al**.       :         **NO. 15-0146**

**M E M O R A N D U M**

**JOYNER, J.**                                    **FEBRUARY 9, 2015**

    Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against Montgomery County, Pennsylvania, the Montgomery County District Attorney and an Assistant District Attorney, the Chief of the Cheltenham Police Department and a police officer.  He alleges that Officer O'Neill filed a false police report against him and provided false testimony in plaintiff's criminal trial.

    For the following reasons, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments.  Monell v. Department of Social Services, 436 U.S. 658 (1978).  There is no such allegation in the present complaint.  Therefore, the claims against Montgomery County will be dismissed.

    The doctrine of absolute immunity shields prosecutors from liability related to their official acts.  Imbler v. Pachtman, 424 U.S. 409 (1976).  A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal

prosecution." Id. at 410.  Plaintiff's claims against District Attorney Risa Vetri Ferman and Assistant District Attorney Matthew W. Quigg will be dismissed because there is nothing in the complaint to suggest that they acted outside of the scope of their prosecutorial duties in connection with plaintiff's criminal case.

Plaintiff's claims against Chief Norris of the Cheltenham Police Department will also be dismissed.  The mere fact that he is Officer O'Neill's boss is insufficient to state a colorable constitutional violation as there is no respondeat superior liability in § 1983 cases.  Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976).

Finally, plaintiff appears to be alleging that he has been imprisoned because of Officer O'Neill's police report and his testimony in plaintiff's criminal case.  However, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)  (footnote and citation omitted). Plaintiff is seeking damages for constitutional violations that, if proven, would necessarily render his conviction and related imprisonment invalid.  However, he does not state that his

conviction has been reversed or otherwise invalidated. Furthermore, a witness, governmental or otherwise, may not be sued under 42 U.S.C. § 1983 for damages.  <u>Briscoe v. LaHue</u>, 460 U.S. 325 (1983).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).  Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.